
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6307-CR-DIMITROULEAS

UNITED STATES OF AMERICA    )
                            )
                            )
                            )
v.                          )
                            )
                            )
VALERIE ENRIQUE, et al.,    )
                            )
                            )
    Defendants.             )
_____)



**GOVERNMENT'S RESPONSE TO**
**THE STANDING DISCOVERY ORDER**

The United States hereby files this response to the Standing Discovery Order. This response also complies with Local Rule 88.10 and Federal Rule of Criminal Procedure 16, and is numbered to correspond with Local Rule 88.10.

A.  1.  The government is unaware of any written or recorded statements made by the defendant.

    2.  The government is unaware of any oral statements made by the defendant before or after arrest in response to interrogation by any person then known to the defendant to be a government agent that the government intends to use at trial, except as noted in the attached excerpt of a report related to a statement by defendant Enrique at the time of her arrest by state authorities.

    3.  No defendant testified before the Grand Jury.

    4.  The NCIC record of defendant Enrique is attached hereto.



      5.    Books, papers, documents, photographs, tangible objects, bank records, exploded airbag modules, a videotape, buildings or places which the government intends to use as evidence at trial to prove its case in chief, or were obtained or belonging to the defendant may be inspected at a mutually convenient time at the Office of the United States Attorney, 99 Northeast 4th Street, Miami, Florida, Suite 400. The undersigned will tentatively set the date for Monday, November 20, 2000 at 10:30 AM. Please call the undersigned with 48 hours notice if you intend to review the evidence at this date and time.

      6.    There were no physical or mental examinations or scientific tests or experiments made in connection with this case, with the exception of the test-deployment of several of the airbag modules seized from defendant's business premises.

B.    DEMAND FOR RECIPROCAL DISCOVERY: The United States requests the disclosure and production of materials enumerated as items 1, 2 and 3 of Section B of the Standing Discovery Order. This request is also made pursuant to Rule 16(b) of the Federal Rules of Criminal Procedure.

C.    The government will disclose any information or material which may be favorable on the issues of guilt or punishment within the scope of <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and <u>United States v. Agurs</u>, 427 U.S. 97 (1976).

D.    The government will disclose any payments, promises of immunity, leniency, preferential treatment, or other inducements made to prospective government witnesses, within the scope of <u>Giglio v. United States</u>, 405 U.S. 150 (1972), or <u>Napue v. Illinois</u>, 360 U.S. 264 (1959).

E.    The government will disclose any prior convictions of any alleged co-conspirator, accomplice or informant who will testify for the government at trial.

F.    No defendant was identified in a lineup, show up, photo spread or similar identification proceedings.

G.    The government has advised its agents and officers involved in this case to preserve all rough notes.

H.    The government will timely advise the defendant of its intent, if any, to introduce during its case

        in chief proof of evidence pursuant to F.R.E. 404(b). You are hereby on notice that all evidence made available to you for inspection, as well as all statements disclosed herein or in any future discovery letter, may be offered in the trial of this cause, under F.R.E. 404(b) or otherwise (including the inextricably-intertwined doctrine). Specifically, the United States will introduce at trial evidence that the defendants, throughout the time period reflected in the records seized pursuant to a state-issued search warrant and the business records of Airborne Express, engaged in an extended scheme to ship automobile airbag modules on numerous occasions in air commerce without compliance with the hazardous Materials Transportation Regulations.

I.    The defendant is not an aggrieved person, as defined in Title 18, United States Code, Section 2510(11), of any electronic surveillance.

J.    The government has ordered transcribed the Grand Jury testimony of all witnesses who will testify for the government at the trial of this cause.

K.    No narcotics or controlled substances are involved in this indictment.

L.    The government does not know of any automobile, vessel, or aircraft allegedly used in the commission of this offense that is in the government's possession.

M.    The government is not aware of any latent fingerprints or palm prints which have been identified by a government expert as those of the defendant.

N.    To date, the government has not received a request for disclosure of the subject-matter of expert testimony that the government reasonably expects to offer at trial.

O.    The government will make every possible effort in good faith to stipulate to all facts or points of law the truth and existence of which is not contested and the early resolution of which will expedite trial. These stipulations will be discussed at the discovery conference.

P.    At the discovery conference scheduled in Section A.5, above, the government will seek written stipulations to agreed facts in this case, to be signed by the defendant and defense counsel.

The government is aware of its continuing duty to disclose such newly discovered additional information required by the Standing Discovery Order, Rule 16(c) of the Federal Rules of Criminal Procedure, <u>Brady</u>, <u>Giglio</u>, <u>Napue</u>, and the obligation to assure a fair trial.

                                  Respectfully submitted,

                                  GUY A. LEWIS
                                UNITED STATES ATTORNEY

By:    _____
        Thomas A. Watts-FitzGerald
        Assistant U. S. Attorney
        Florida Bar No. 0273538
        99 Northeast 4th Street
        Miami, Florida 33132-2111
        Tel: (305) 961-9413
        Fax: (305) 536-5321

cc:  Special Agent Jose Molina, DOT/OIG

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered by United States mail this 9th day of November, 2000 to: Fred Haddad, Esq., 1 Financial Plaza, Fort Lauderdale, Florida 33394-0002.

Thomas A. Watts-FitzGerald
Assistant U. S. Attorney

any documents showing when and where she had purchased the air bags in her possession. Enrique stated that she did not document any serial numbers of the air bags she purchased or the vehicle from which it was removed. Prior to Valerie Enrique being transported to the jail she was asked for ▓▓▓▓▓

```
--FLORIDA CCH RESPONSE--

CI.NAM/CONTRONE.VALERIE.RAC/W.SEX/F.DOB/103059.PUR/C.NIS/N
HIT NUMBER 01    ** FLORIDA CRIMINAL HISTORY **   AS OF 11/30 AT 09:59 AM
SID/01689319 HAI/BRO EYE/BRO RAC/W DLT/09/22/1999  FPC/PNPI09POPOPIP0071210
REF/61050634 HGT/504 WGT/160 SEX/F SKN/FAR POB/NY FBI/255061X11
OCC/             LRA/2021 NW 90 AVE      CIT/PEMBROKE PN, FL DOC/642163
------------------------------------------------------------------------
       NAM/AKA                DOB      SSN            MNU          SMT
------------------------------------------------------------------------
CONTRONE, VALERIE       10/30/1959 264537802
SINGLE-STATE-OFFENDER- IN III
-- END --

--END--

FS  FL006001001689319                        CPETRONE


 .ATN/                      .CTL/


FCIC Message Ack Received.

DATE:11/30/1999  TIME:10:00  MESSAGE NUMBER:00008

ATTENTION:                    CONTROL:

FS  FL006001001689319                        CPETRONE



--FLORIDA CCH RESPONSE--
ATN/PETRONE
FS.DLE/01689319.PUR/C.ATN/PETRONE
SID#: 01689319     FDLE - FLORIDA CRIMINAL HISTORY SUMMARY    PAGE:  1
NAME                            DLE#/SID#    FBI#     SOC SEC #    DOC#
                                01689319  255061X11  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   642163
SEX  RACE   BIRTH DATE    HEIGHT    WEIGHT    EYES    HAIR    BIRTH PLACE
F     W     10/30/1959    5'04"      160      BRO     BRO         NY
LAST KNOWN ADDRESS: 2021 NW 90 AVE       FINGERPRINT CODES: PM PI 09 PO PO
                    PEMBROKE PN, FL                          PI PO 07 12 10
========================================================================
                           SINGLE STATE OFFENDER
========================================================================
----- CONTINUED -----

SID#: 01689319     FDLE - FLORIDA CRIMINAL HISTORY SUMMARY    PAGE:  2
ALIASES                      ADDL DOB    ADDL SS#    SCARS/MARKS/TAT
*** NONE ***                 * NONE *    ** NONE **  ** NONE **
========================================================================
TOTAL FELONY CHARGES       -  1     TOTAL FELONY CONVICTIONS      -  1
TOTAL MISDEMEANOR CHARGES  -  1     TOTAL MISDEMEANOR CONVICTIONS -  0
TOTAL UNKNOWN LEVEL CHARGES - 0     TOTAL UNKNOWN LEVEL CONVICTIONS - 0
TOTAL FAILURE TO APPEAR    -  0     TOTAL UNKNOWN DISPOSITIONS    -  1
TOTAL INCARCERATIONS       -  0
              DATE OF LAST UPDATE: 10/13/1994
----- CONTINUED -----
```

```
       CHG#  1   ARR CHG: BURGL-RESID        FEL       1 COUNT
             CT DSP CHG: BURGLARY            FEL       1 COUNT
                    DATE: 02/05/1982         DOCKET#: 81011090CF10B
                    DISP: CONVICTED
       CHG#  2   ARR CHG: MARIJUA-POSS       MIS       1 COUNT
                    DISP: UNKNOWN
==============================================================================
THIS IS A SUMMARY OF FLORIDA INFORMATION ONLY. WHEN EXPLANATION OF A CHARGE OR
DISPOSITION IS NEEDED, COMMUNICATE DIRECTLY WITH THE AGENCY THAT CONTRIBUTED
THE RECORD INFORMATION. THIS RECORD MAY ONLY BE USED FOR CRIMINAL JUSTICE
PURPOSES AS DEFINED BY THE CODE OF FEDERAL REGULATIONS.
----- END OF REPORT - 11/30/1999 -----

--END--
```